**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ROSA CECILIA REYES DE VASQUEZ, et al.,<br><br>     Petitioners,<br><br>    v.<br><br>WARDEN OF THE ADELANTO DETENTION CENTER, et al.,<br><br>    Respondents. | Case No. 5:26-cv-02400-ACCV<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[FEDERAL CUSTODY]** |

## I.   RULING

Petitioners Miguel Antonio Vasquez Reyes, an immigrant detainee represented by counsel, and his appointed guardian Petitioner Rosa Cecilia Reyes de Vasquez (collectively, "Petitioners") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on May 6, 2026.  (Dkt. No. 1, Pet.)  On May 14, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument at this time."  (Dkt. No. 8, Answer at 2.)  Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested.  For the reasons set forth below, the Court

GRANTS the Petition.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner Miguel Antonio Vasquez Reyes ("Petitioner Vasquez Reyes") is a 20-year-old national and citizen of El Salvador. (Dkt. No. 1, Pet. at 3, 6.)  The government paroled and released Petitioner Vasquez Reyes without any conditions into the United States on May 23, 2019, when he was 14-years old, after he was detained with his mother and sister on May 22, 2019. (*Id.*)  Petitioner Rosa Cecilia Reyes de Vasquez ("Petitioner Reyes de Vasquez") is the appointed guardian of Petitioner Vasquez Reyes. (*Id.* at 4.)

Petitioner Reyes de Vasquez filed an affirmative asylum application with the United States Citizenship and Immigration Services ("USCIS"), and Petitioner Vasquez Reyes was included in the application as a derivative applicant. (*Id.* at 6.)  The USCIS accepted the asylum application. (*Id.*)  Both Petitioners received work permits due to the pending application. (*Id.*)

On April 15, 2026, a California state court appointed Petitioner Reyes de Vasquez as the guardian of Petitioner Vasquez Reyes on the finding that Petitioner Vasquez Reyes had been abandoned and/or neglected by his father. (*Id.*)  The state court also determined that it was not in Petitioner Vasquez Reyes' interest to be removed to El Salvador. (*Id.* at 6-7.)  Petitioner filed a timely I-360 Petition with the USCIS which remains pending. (*Id.*)

On April 30, 2026, Respondents arrested Petitioner Vasquez Reyes without a warrant, notice, or opportunity to respond after he appeared at a state courthouse to pay for a traffic-related ticket. (*Id.* 3-4, 7.)  Respondents denied Petitioner the right to contact his guardian or to be represented by his retained immigration counsel. (*Id.*)  At the time of Petitioner Vasquez Reyes' re-detention on April 30, 2026, he had no Order of Removal entered against him and had a pending asylum application and I-360 petition. (*Id.*)

2

Petitioner Vasquez Reyes does not have any criminal or prior immigration record. (*Id*. at 6.) Petitioner Vasquez Reyes further states that he has never been arrested or convicted of a crime and has established ties to the community. *(Id.* at 18.)

The Petition states that Petitioner Vasquez Reyes is currently detained in Adelanto Detention Center in Adelanto, California. (*Id*. at 3.) The publicly available ICE records confirm Petitioner Vasquez Reyes' detention within this District. Petitioner Vasquez Reyes argues, *inter alia*, that his detention violates his constitutional due process rights. (*Id*. at 16-18.) The Petition seeks relief, *inter alia*, in the form of Petitioner Vasquez Reyes' immediate release. (*Id*. at 22-23.)

### III.    DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). Petitioners' requested relief is a declaration that Petitioner Vasquez Reyes' continued detention violates the Due Process Clause of the Fifth Amendment and an order that he be released immediately. (Dkt. No. 1, Pet. at 16-18, 22-23.) As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens released on parole during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards. *See Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026). Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner Vasquez Reyes'

3

prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner Vasquez Reyes in advance of his re-detention, the Court finds that it is appropriate to grant the Petition. *See Juarez Fernandez*, 2026 WL 136229, at *6; *Sheng Kun*, 2026 WL 931541, at *4.

## IV.  ORDER

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner Vasquez Reyes to be released forthwith, and no later than one business day following this Order, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner Vasquez Reyes without notice and a future pre-deprivation hearing.  Respondents shall return any confiscated property and documents to Petitioner Vasquez Reyes upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within three court days of Petitioner Vasquez Reyes' release.

IT IS SO ORDERED.

DATED:  May 15, 2026

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4